IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES E. SHELTON,**<br>              **Plaintiff,**<br><br>       v.<br><br>**DEPARTMENT OF TRANSPORTATION (DOT) COMPLIANCE SERVICES,** *et al.*<br>              **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  24CV2140** |

## O R D E R

**AND NOW**, this 29th day of January, 2025, upon consideration of Plaintiff James Shelton's Motion to Commence Discovery to Obtain Records that Identify Putative Class Members (ECF No. 22), it is **HEREBY ORDERED** that the Motion is **GRANTED** and discovery is permitted only with respect to the following categories:

1. Records from Commio detailing who Defendants called, how many times, and any potential recordings of such calls;
2. Records from Commio identifying information for the individuals called, whether other putative class members were called as part of a specific pre-recorded calling campaign, or alternatively, whether the calls were manually dialed, such as in response to a customer inquiry;
3. Call records and other similar documentation from Defendants' telephone provider for the same purposes.

Discovery is limited to May 20, 2020 onward, *i.e.,* the time period which Plaintiff identifies as confining his class. Such discovery shall be completed by **March 31, 2025**.[1]

BY THE COURT:

S/ WENDY BEETLESTONE

_____
**WENDY BEETLESTONE, J.**

---

[1] Plaintiff Shelton brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior

1

express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

In his Complaint, Shelton alleges that he received at least four automated telephone calls as part of a telemarketing campaign. In each call, the automated messenger appeared to be recorded to impersonate the United States Department of Transportation, informing Shelton that his "US DOT account," was "out of compliance," and that he would need to reach out to an agent to reinstate it. The automated message provided a phone number for Shelton to call, which was different than the number from which Shelton received the call. When he reached out to the agent via the second phone number, he received an email invoice for $199.00. Within that invoice were listed two additional phone numbers, which Shelton alleges may also be involved in the Defendant's automated phone call scheme.

After serving a third-party subpoena on the telephone service providers that service each of those four phone numbers, Shelton learned that each of the numbers were registered under the name "DOT Compliance Services, LLC," which Shelton alleges is a fictitious trade name. Shelton further alleges that the original phone number that called him is also registered under Defendant Perales' name. Shelton alleges that the Defendants used a third-party company, Commio, to send the prerecorded calls.

Shelton brought an individual TCPA claim against DOT Compliance Services, LLC, as well as Perales. Further, he brought a class action claim against both Defendants, on behalf of a class that includes "Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers, specialized mobile radio numbers, radio common carrier numbers, or numbers for which they were charged for the call (2) Defendants, or a third party on their behalf, placed a call using artificial or pre-record messages (3) within the four years prior to the filing of the Complaint."

Neither DOT Compliance Services nor Perales have entered an appearance. As a result, the Clerk of Court entered a default against both Defendants. Shelton, however, has not moved for default judgment on his individual or class claims. Nor could he with respect to his class-wide claims; to move for default judgment on those, he first must successfully move to certify his proposed class and send notice to the proposed class members. See Fed. R. Civ. P. 23(c); *Davis v. Romney*, 420 F.2d 1360, 1366 (3d Cir. 1974) ("Relief cannot be granted before an order has been entered determining that class treatment is proper.").

But because neither Defendant has entered an appearance, Shelton has not been able to commence discovery and ascertain who sits within his putative class, meaning he cannot send appropriate notice to putative class members, nor calculate damages. That is because, usually, discovery proceeds once parties in a case have met and conferred as required by Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1), (f)(1). Shelton moves to commence discovery prior to that Rule 26(f) meeting to serve discovery requests "on any third-party individual or entity that may have information that could identify putative class members."

District courts are afforded broad discretion in managing discovery. *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982). In other TCPA cases, when a plaintiff purports to bring class claims, but is unable to ascertain putative class members due to a defendant's failure to appear, courts have frequently allowed for plaintiffs to engage in expedited discovery to support a later motion for class certification, to aid in calculating damages, or to do both. *See, e.g*, *Cleveland v. Nextmarvel, Inc.*, 2024 WL 198212, at *3-4 (D. Md. Jan. 18, 2024); *Ulery v. GQ Sols., LLC*, 2022 WL 17484665, at * 1-2 (D. Colo. Dec. 7, 2022); *Leo v. Classmoney.net*, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019); *Cranor v. Skyline Metrics, LLC*, 2018 WL 11437828 at *1-2 (W.D. Mo. Dec. 14, 2018); *see also Eder v. Aspen Home Improvements Inc.*, 2020 WL 6870851. at *2 (M.D. Fla. Oct. 2, 2020). Generally, courts do so because "it would be unjust to permit a defendant's failure to participate in the case to prevent a plaintiff from establishing the elements of class certification." *Cleveland*, 2024 WL 198212, at *4.

Nevertheless, the scope of discovery is always limited in that it must be "relevant to any party's claim . . . and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Here, such discovery is limited to documents as identified in this Order, at least until such time as Defendants have entered an appearance in the case.